**Oscar G. Lee, Appellee, v. S. E. Perlberg et al., trading as S. E. Perlberg & Company, Appellants.**

**Gen No. 20,316.   (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 30, 1914.

### Statement of the Case.

Action by Oscar G. Lee against S. E. Perlberg and Carl Joseph, trading as S. E. Perlberg & Company, to recover rent. To reverse a judgment for $1,288.48 recovered against defendants on a directed verdict, defendants appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same· topic and section number.

January 26, 1911, plaintiff Lee demised by written lease certain premises at Oklahoma City, Oklahoma, to one Minton for a term of five years from February 1, 1911, at a rental of $225 per month. July 24, 1911, Minton assigned his interest in the lease to defendants by an assignment in writing indorsed thereon, containing the following provision: "We, said assignee, hereby assume and agree to make all the payments yet to be made, and perform and abide by all the covenants, conditions and provisions of the written lease, by said lessee to be performed." On the same day by an agreement in writing between plaintiff and defendants, the rent was reduced to $200 per month. February 5, 1912, defendants assigned in writing the lease to one Fricke and, "guaranteed the performance by said assignee of all the covenants on the part of the lessee in said lease contained." Fricke took possession of the demised premises and paid the rent up to April 1, 1912. The suit was brought to recover rent at $200 per month from April 1, 1912, to the beginning of the suit, less credits of $186.52 and $40.

McEWEN, WEISSENBACH, SHRIMSKI & MELOAN, for appellants.

F. WILLIAM KRAFT, for appellee; ROBERT N. ERSKINE, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 416*—*when assignees' agreement to perform covenants of lease not terminated by subsequent guaranty.* Where assignees in an assignment of a lease assumed and agreed to make all payments and to perform all the covenants and took possession and later assigned the lease to another guarantying the performance of the covenants by their assignee, *held* that the execution of the guaranty by the assignees did not affect their liability under the assignment from the original lessee by which they

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

assumed the obligations of the original lease, that they received possession of the premises and thereby a privity of estate with the lessor which was terminated by the assignment and transfer of possession to their assignee, but the privity of contract, their contractual liability to the lessor, was not thereby terminated.

2. GUARANTY, § 26*—*when guarantor not discharged by delay in proceeding against maker.* Mere delay in bringing suit or failure to use diligence in attempting to collect from the principal will not discharge the guarantor; to have such effect there must be a valid and binding agreement for an extension for a definite period entered into on a valid consideration.

3. APPEAL AND ERROR, § 1478*—*when admission in evidence of foreign statute not prejudicial.* Erroneous admission in evidence of a statute of another State which is only declaratory of the common-law rule in force in this State, *held* not prejudicial error.